IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**HMM ENTERPRISES LLC, dba**
**"HomeMeatMarket.com,"**

                              Plaintiff,

      v.

**ROBERT JULIUS GEPPERT,**
**et al.,**

                              Defendants.

No. 3:12-cv-01874-MO

OPINION AND ORDER

**MOSMAN, J.**,

      Plaintiff's counsel seek $4,023.00 in attorney fees and costs [33, 34] pursuant to Federal Rule of Civil Procedure 54(d). Included in this request is $3,621.00 in attorney fees and $402.00 in costs and disbursements. For the following reasons, I award plaintiff $3,581.00 in attorney fees and costs.

1 – OPINION AND ORDER

**DISCUSSION**

I.    <u>**Attorney Fees**</u>

To establish the amount of attorney fees that plaintiff's counsel should recover, I "must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). In appropriate cases, I may then "adjust the 'presumptively reasonable' lodestar figure based upon the factors listed in *Kerr v. Screen Extras Guild, Inc*., 526 F.2d 67, 69–70 (9th Cir. 1975) . . . that have not been subsumed in the lodestar calculation." *Id*.

Plaintiff's initial fee request of $4,023.00 represents 12 hours of work billed at $225.00 per hour, 1 hour billed at $260.00, 3.9 hours billed at $90.00, 3.1 hours billed at $100.00, and $402.00 in costs and disbursements. (Pl's Cost Bill [34] at 2.)

A.    *Reasonable Hourly Rate*

The burden is on the party seeking fees to show "that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah Cnty*., 815 F.2d 1258, 1263 (9th Cir. 1987). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers v. Phelps Dodge Corp*., 896 F.2d 403, 407 (9th Cir. 1990).

In determining whether Mr. Matthew A. Wand's requested hourly rate of $260 and Mr. Steven C. Maddoux's hourly rate of $225 are reasonable, I begin with the 2012 Oregon State Bar Economic Survey ("2012 OSB Survey") as an "initial benchmark." *Roberts v. Interstate*

*Distributor Co.*, 242 F. Supp. 2d 850, 857 (D. Or. 2002). The starting point for any fee award should be the average rate. That rate may be adjusted upward for a variety of factors, including case complexity, practice area complexity, or a demonstrably high level of expertise.

To determine the applicable average rate in the 2012 OSB Survey, I take into account location, experience and practice area for each attorney or paralegal involved. Mr. Wand and Mr. Maddoux practice in Gresham, Oregon, which falls within the tri-county region. (*See* Pl's Cost Bill [34] at 1.) Mr. Wand and Mr. Maddoux should have described their experience and practice area in their motion for attorney fees. They failed to do so. Although I should not have to, I verified that Mr. Wand was admitted to the Oregon State Bar in 2000, and Mr. Maddoux was admitted in 2006. These admission dates place Mr. Wand in the 10-12 year range, and Mr. Maddoux in the 4-6 year range during the time of their work on this case.

According to the 2012 OSB Survey, for lawyers practicing in the tri-county area with 4-6 years of experience, the average hourly rate of lawyers in private practice was $192. For lawyers practicing in the tri-county area with 10-12 years of experience, the average hourly rate of lawyers in private practice was $221.

I adopt the 2012 OSB Survey average hourly rates of $192 and $221 as my starting point for Mr. Maddoux and Mr. Wand, respectively.[1] Mr. Maddoux and Mr. Wand claim hourly rates of $225 and $260, which are above the applicable average rates in the 2012 OSB Survey. I find that neither Mr. Maddoux nor Mr. Wand have met their burden to justify compensation above the average hourly rate. I am not persuaded that the difficulty of the task or the skills required necessitate fees higher than the average. Therefore, Mr. Maddoux and Mr. Wand are entitled to the reasonable hourly rate of $192 and $221, respectively, for their work in this case.

---

[1] Although in some cases inflation rates are applied to the applicable average, I find it unnecessary here.

3 – OPINION AND ORDER

Ms. Willow M. Myrick, a paralegal, claims hourly rates of $100 and $90. The 2012 OSB Survey does not include data on paralegal rates. There has been some suggestion within this district that paralegal rates should not exceed the average rate for a first-year associate. *See Knowledge Learning Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 2011 WL 2133824, *6 (D. Or. Apr. 19, 2011). This may often be true, but it provides little guidance in this case because the highest paralegal rate requested, $100 per hour, is below the average hourly rate of $143 for a first-year private practice associate in the tri-county area. It is also in line with other paralegal fee awards. *See e.g. Salinas v. Beef Northwest Feeders, LLC*, 2010 WL 1027529, *10 (D. Or. Mar. 1, 2010). I find the requested hourly rates of $100 and $90 reasonable.

### B.    *Number of Hours Reasonably Expended on the Litigation*

Together, Mr. Wand, Mr. Maddoux, and Ms. Myrick claim they have reasonably expended 20 hours on this litigation, including the time spent in preparation and defense of this petition for attorney fees. After reviewing the supporting documentation, I find that the time billed is reasonable.[2] Accordingly, I award $221 for the 1 hour that Mr. Wand worked on this case and $2,304 for the 12 hours that Mr. Maddoux worked on this case. I also award $351 for the 3.9 hours that Ms. Myrick worked on this case at a reasonable hourly of $90, and $310 for the 3.1 hours that she worked on this case at a reasonable hourly rate of $100.

### C.    *Lodestar Calculation*

Based on the foregoing, I award plaintiff's counsel $3,186.00 in attorney fees in connection with this case. I have also considered the *Kerr* factors and determined that no adjustment is necessary.

---

[2] Generally, to determine the "proper amount of the fees-on-fees award," I apply "the same percentage of merits fees ultimately recovered." *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 909 (9th Cir. 1995); *see also Knowledge Learning Corp.*, 2011 WL 2133824 at *7. Here, I find all of the hours expended on the litigation were reasonable. Therefore, the application of the percentage of merits fees ultimately recovered is not necessary.

4 – OPINION AND ORDER

**II.    Costs**

Costs are generally awarded to the prevailing party in a civil action as a matter of course unless the court directs otherwise. Fed. R. Civ. P. 54(d). Expenses that may be taxed as costs are enumerated in 28 U.S.C. § 1920. The court may not tax costs beyond those authorized by 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). "Courts, however, are free to construe the meaning and scope of the items enumerated as taxable costs in § 1920." *Frederick v. City of Portland*, 162 F.R.D. 139, 142 (D. Or. 1995) (citing *Aflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 177 (9th Cir. 1990)). The court "need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

Additionally, the court retains discretion to refuse to tax costs in favor of a prevailing party. *See K-2 Ski Co. v. Head Ski Co., Inc.*, 506 F.2d 471, 476–77 (9th Cir. 1974). When the court exercises its discretion to deny costs, it must explain its reasons for doing so. *Save Our Valley*, 335 F.3d at 945.

Plaintiff's counsel seek $402.00 in costs. (Pl's Cost Bill [34] at 2.) As a prevailing party, plaintiff is entitled to costs enumerated in 28 U.S.C. § 1920. Plaintiff's counsel claim two categories of costs: service of process and postage. The costs incurred as fees for service of process expressly fits within 28 U.S.C. § 1920(1). However, the price of postage is not included in the statute. In addition, plaintiff's counsel do not explain why the postage costs were reasonably incurred. *See Fireman's Fund Ins. Co. v. Oregon Auto. Ins. Co.*, 2010 WL 3467297, *7 (D. Or. Sept. 2, 2010). Therefore, I find the postage cost of $7.00 is not recoverable in this action. Accordingly, I award plaintiff's counsel $395.00 in costs.

## CONCLUSION

Plaintiff's Motion for Attorney Fees [33] is GRANTED IN PART. Plaintiff's Bill of Costs [34] is GRANTED IN PART. Plaintiff shall recover $3,186.00 in attorney fees, and $395.00 in costs.

IT IS SO ORDERED.

DATED this   9   day of July, 2013.

/s/Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge